**THE WESTON FIRM**
GREGORY S. WESTON (239944)
*greg@westonfirm.com*
JACK FITZGERALD (257370)
*jack@westonfirm.com*
MELANIE PERSINGER (275423)
*mel@westonfirm.com*
1405 Morena Blvd., Suite 201
San Diego, CA 92110
Telephone:   (619) 798-2006
Facsimile:    (480) 247-4553

**LAW OFFICES OF RONALD A. MARRON, APLC**
RONALD A. MARRON (175650)
*ron@consumersadvocates.com*
SKYE RESENDES (278511)
*skye@consumersadvocates.com*
ALEXIS M. WOOD (270200)
*alexis@consumersadvocates.com*
651 Arroyo Drive
San Diego, CA 92103
Telephone:   (619) 696-9006
Facsimile:    (619) 564-6665

**Counsel for Plaintiff**

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARY HENDERSON, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE J.M. SMUCKER COMPANY,<br><br>Defendant. | Case No. 2:10-CV-04524 GHK (VBKx)<br><br>**NOTICE OF MOTION AND MOTION FOR A SUPPLEMENTAL AWARD OF ATTORNEYS' FEES AND COSTS**<br><br>Judge: The Hon. George H. King<br>Hearing Date: April 14, 2014<br>Time: 9:30 a.m.<br>Location: Courtroom 650 |

## NOTICE OF MOTION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on April 14, 2014, at 9:30 a.m. in Courtroom 650 of the United States District Court located at 255 E. Temple St., Los Angeles, CA 90012, Plaintiff Mary Henderson, and her counsel The Weston Firm and The Law Offices of Ronald A. Marron, APLC, will, and hereby do, respectfully move this Court for an award of attorneys' fees relating to movants obtaining fees as set forth in the Court's February 28, 2014 Order Re Plaintiff's Motion for Attorneys Fees and Costs, Dkt. No. 314. (*See generally* Dkt. Nos. 226, 268, 312.)

This motion is based on this Notice, the accompanying Memorandum of Points and Authorities, the concurrently filed Declarations of Gregory S. Weston ("Weston Decl.") and Jack Fitzgerald ("Fitzgerald Decl."), including all exhibits thereto, all other pleadings and papers on file in this action, and such oral argument as may occur at the time of the hearing.

This Motion is made following two conference of counsel pursuant to Local Rule 7-3, which took place on March 10, 2014.

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ...................................................................................iv

MEMORANDUM OF POINTS AND AUTHORITIES ....................................................1

FACTS AND PROCEDURAL HISTORY ...................................................................1

    I.    PLAINTIFF & HER COUNSEL ESTABLISHED ENTITLEMENT TO "CATALYST" FEES UNDER CAL. CIV. CODE § 1021.5 .................1

    II.    SMUCKER SERVED UNTIMELY DISCOVERY RELATING TO THE FEE MOTION ...................................................................................3

    III.    PLAINTIFF REORGANIZED HER COUNSEL'S TIME RECORDS AS ORDERED ...................................................................................4

    IV.    SMUCKER FILED 681 PAGES IN SUPPORT OF ITS "OBJECTIONS," MUCH OF WHICH WAS OUTSIDE THE SCOPE OF THE FEE ORDER ...................................................................................4

    V.    SMUCKER FILED A RECONSIDERATION MOTION THAT WAS "WITHOUT MERIT" AND "AN ABUSE OF LOCAL RULE 7-18"..........5

    VI.    THE COURT AWARDED PLAINTIFF FEES...................................................7

LEGAL STANDARD...................................................................................7

ARGUMENT ...................................................................................8

    I.    COUNSEL'S LODESTAR FOR TASKS RELATING TO ESTABLISHING PLAINTIFF'S ENTITLEMENT TO AND THE AMOUNT OF FEES IS REASONABLE...................................................8

        A.    Time Spent Opposing Smucker's Reconsideration Motion ...............8

        B.    Time Spent Responding to Smucker's Objections .............................9

        C.    Time Spent Reorganizing Counsel's Hours as Ordered...................10

        D.    Time Spent Opposing Smucker's Discovery Requests ...................11

        E.    Time Spent on the Fee Reply.............................................................11

        F.    Time Spent on this Fee-On-Fee Motion ...........................................12

ii

II.    THE APPLICATION OF A MULTIPLIER ONLY TO WORK OPPOSING SMUCKER'S RECONSIDERATION MOTION IS APPROPRIATE ................................................................. 13

III.   THE COURT SHOULD GRANT A FULLY COMPENSATORY FEE-ON-FEE AWARD BASED ........................................ 14

CONCLUSION ............................................................................. 16

APPENDIX 1: SUMMARY COUNSEL'S LODESTAR**ERROR! BOOKMARK NOT DEFIN**

iii

# <u>TABLE OF AUTHORITIES</u>

**CASES**

*Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973 (9th Cir. 2008)..........................1, 7

*Champion Produce, Inc. v. Ruby Robinson Co.*, 342 F.3d 1016 (9th Cir. 2003)......7

*Crommie v. Cal. Pub. Utils. Comm'n*, 840 F. Supp. 719 (N.D. Cal. 1994..............13

*Edgerton v. State Personnel Bd.*, 83 Cal. App. 4th 1350 (2000)............................13

*Farmers Ins. Exch. v. Sayas*, 250 F.3d 1234 (9th Cir. 2001) ...................................7

*Gee v. Temeco, Inc.*, 615 F.2d 857 (9th Cir. 1980) ...................................................7

*Gonzalez v. Southern Wine & Spirits of Am., Inc.*, 2014 U.S. App. LEXIS 3016 (9th Cir. Feb. 19, 2014) ........................................................................................1, 7

*Graham v. Daimler Chrysler Corp.*, 34 Cal. 4th 553 (2004) ...........................13, 14

*Grant v. Martinez*, 973 F.2d 96 (2d Cir. 1992).........................................................8

*Guam Soc'y of Obstetricians & Gynecologists v. Ada*, 100 F.3d 691 (9th Cir. 1996) .......................................................................................................................12

*Hensley v. Eckerhart*, 461 U.S. 424 (1983) ............................................................16

*In re Nucorp Energy*, 764 F.2d 655 (9th Cir. 1985) ................................................11

*In re Rite Aid Corp. Sec. Litig.*, 396 F.3d 294 (3d Cir. 2005) ................................10

*In re Toys "R" Us-Del., Inc., FACTA Litig.*, 295 F.R.D. 438 (C.D. Cal. 2014)......12

*Ketchum v. Moses*, 24 Cal. 4th 1122 (2001).......................................................passim

*Mangold v. Cal. Pub. Utils. Comm'n*, 67 F.3d 1470 (9th Cir. 1995) .....................13

*Margolin v. Regional Planning Comm'n*, 134 Cal. App. 3d 999 (1982) ...............10

*Moreno v. City of Sacramento*, 534 F.3d 1106 (9th Cir. 2008)..............................15

*North Sports, Inc. v. Knupper*, 509 F.3d 938 (9th Cir. 2007)..................................11

*Parks v. Eastwood Ins. Servs., Inc.*, 240 Fed. Appx. 172 (9th Cir. 2007)..............14

*Serrano v. Unruh*, 32 Cal. 3d 621 (1982) ...................................................1, 7, 8, 16

iv

*Trustees of Cent. States v. Golden Nugget, Inc.*, 697 F. Supp. 1538 (C.D. Cal. 1988) ..............................................................................................................10

*Wershba v. Apple Computer, Inc.*, 91 Cal. App. 4th 224 (2001)............................10

*Winterrowd v. Am. Gen. Annuity Ins. Co.*, 556 F.3d 815 (9th Cir. 2009) ................7

**OTHER AUTHORITIES**

Julie Louise Gerberding, MD, MPH, "Safer Fats for Healthier Hearts: The Case for Eliminating Dietary Artificial Trans Fat Intake," Ann. Intern. Med., 151:137-138, 2009 ......................................................................................15

**RULES**

Local Civil Rule 7-18(c) ..........................................................................................5, 6

*Henderson v. The J.M. Smucker Company*, Case No. 2:10-CV-04524 GHK (VBKx)
MOTION FOR ATTORNEYS' FEES AND COSTS

### MEMORANDUM OF POINTS AND AUTHORITIES

"In statutory fee cases, federal courts, including our own, have uniformly held that time spent in establishing the entitlement to and amount of the fee is compensable." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 981 (9th Cir. 2008). Likewise, "California law requires that 'an attorney fee award should ordinarily include compensation for all the hours reasonably spent, including those relating solely to the fee.'" *Gonzalez v. Southern Wine & Spirits of Am., Inc.*, 2014 U.S. App. LEXIS 3016, at *2 (9th Cir. Feb. 19, 2014) (quoting *Ketchum v. Moses*, 24 Cal. 4th 1122, 1133 (2001)).

Plaintiff and her counsel filed their fee motion on January 7, 2013. (Dkt. No. 226.) The Court granted the award on February 28, 2014. (Dkt. No. 314.) During the 13-month stretch between, counsel spent additional time, not embodied in the fee motion, "establishing the entitlement to and amount of the fee," *Camacho,* 523 F.3d 973 at 981. Plaintiff and her counsel therefore respectfully request the Court make a supplemental fee award for the time it finds reasonably spent on these compensable tasks.

### FACTS AND PROCEDURAL HISTORY

### I.   PLAINTIFF & HER COUNSEL ESTABLISHED ENTITLEMENT TO "CATALYST" FEES UNDER CAL. CIV. CODE § 1021.5

Plaintiff and her attorneys filed a motion on January 7, 2013, seeking fees and costs (Dkt. Nos. 226-31), noting that "counsel's lodestar does not include hours worked on this fee application after January 4, 2013, although all such hours are compensable." (Dkt. No. 227 at 21 n.9 (citing *Serrano v. Unruh*, 32 Cal. 3d 621, 632-33 (1982)).) Smucker vigorously opposed the motion. (Dkt. Nos. 241-44.) Plaintiff filed her reply on February 11, 2013. (Dkt. Nos. 248-51.)

On June 19, 2013, the Court issued an Order finding that plaintiff and her attorneys were entitled to fees under California's Private Attorney General Statute, Cal. Civ. Code § 1025.1, because plaintiff was a "successful" or "prevailing" party. (Dkt. No. 268.) Specifically, the Court found that plaintiff's lawsuit catalyzed Smucker to remove trans fat from Uncrustables (*id.* at 6-8); that her lawsuit had merit for the purposes of

1

catalyst theory because it was not frivolous, unreasonable, or groundless (*id.* at 10-11); that plaintiff reasonably attempted to settle the litigation prior to filing, or that doing so would have been futile (*id.* at 11-12); that the lawsuit, in changing Smucker's behavior, had resulted in the enforcement of an important right affecting the public interest (*id.* at 12); that a significant benefit had been conferred on the general public or a large class of persons (*id.* at 13-14); and that the necessity and financial burden of private enforcement made a fee award appropriate (*id.* at 14-15). In determining that plaintiff's efforts resulting in Uncrustables' reformulation conferred a significant public benefit, the Court relied, at least in part, on the testimony of plaintiff's expert, Dr. Nathan Wong, who submitted a declaration averring that the reformulation likely removed about 12.6 million grams of trans fat from the stream of commerce annually, mitigating a well-established health harm. (*See id.* at 13.)

Although plaintiff had also argued that her lawsuit catalyzed Smucker to remove allegedly deceptive health claims on Uncrustables' and Crisco's labels, the Court disagreed. (*See id.* at 8-10.) Moreover, although plaintiff had filed approximately 400 pages of time records to evidence her counsel's asserted lodestar of approximately $1.4 million, based on approximately 2,400 attorney and 1,400 non-attorney hours, the Court held that "[b]ecause the records are organized by timekeepers," it could not "easily determin[e] how much total attorney and paralegal time was spent on a particular task, and whether such time [was] reasonable in light of the complexity of the task," and thus could not "determine whether the number of hours asserted are reasonable." (*Id.* at 15.) Accordingly, the Court ordered plaintiff to submit "a reorganized spreadsheet that groups entries together by tasks and shows a subtotal of attorney and paralegal/law clerk hours for each task," providing plaintiff a list of seven tasks to address, as well as "any other identifiable, groupable tasks," including appropriate sub-tasks. (*Id.* at 15-16 & n.16.) The Court also permitted Smucker to "file any objections to the asserted hours," and plaintiff to "file any reply to the objections" (*id.* at 16).

*Henderson v. The J.M. Smucker Company*, Case No. 2:10-CV-04524 GHK (VBKx)
MOTION FOR ATTORNEYS' FEES AND COSTS

In addition to the above findings, the Court's Order noted that Smucker "does not contest the request for cost[s]" of approximately $35,000. (*Id.* at 15 n.15.) And the Court noted that although plaintiff "argues that she is entitled to fees under Cal. Civ. Code § 1780(e) because Defendant paid $22,500 to resolve her claims," it "need not reach this issue because [it] find[s] that she is entitled to fees under CCP § 1021.5." (*Id.* at 2 n.3.)[1]

## II. SMUCKER SERVED UNTIMELY DISCOVERY RELATING TO THE FEE MOTION

Although discovery was then closed (*see* Dkt. No. 145, extending close of discovery to February 29, 2012), and Smucker had not sought leave to serve additional discovery, shortly after plaintiff filed the fee motion, Smucker served her counsel with a deposition notice for Dr. Wong, despite that Smucker had already deposed him, and not sought leave, as it was required, to take a second deposition, *see* Fed. R. Civ. P. 30(a)(2)(A)(ii). (*See* Weston Decl. Ex. 2.) After some meeting and conferring, Smucker withdrew the notice. (Weston Decl. ¶ 4.)

Two days after the Court's June 19, 2013 Fee Order, also without seeking leave despite discovery being closed, on June 21, Smucker served plaintiff with its "Third Set of Requests for Production," seeking documents: (1) "constituting billing records from any other cases besides this ACTION reflecting what YOU claim to be time spent by the 21 separate timekeepers, for which YOU have sought fees . . . during the same time period that YOU seek fees" (RFP No. 55); and (2) "that YOU have filed in any other cases besides this ACTION reflecting what YOU claims to be time spent by the 21 separate timekeepers for which YOU have sought fees in connection with this ACTION, during the same time period that YOU seek fees" (RFP No. 56). (*See* Dkt. No. 270-2, Ranahan Decl. Ex. A.)

A few days later, on June 24 and 25, Smucker sent process servers to the offices of plaintiff's counsel to personally serve subpoenas seeking the production of identical

---

[1] The Court has reiterated that it has not decided issues relating to the fee motion under § 1780 in light of its finding under § 1021.5. (*See* Dkt. Nos. 312 at 2 n.1; 314 at 1 n.1.)

*Henderson v. The J.M. Smucker Company*, Case No. 2:10-CV-04524 GHK (VBKx)
MOTION FOR ATTORNEYS' FEES AND COSTS

information. (*See* Dkt. Nos. 270-3 & -4, Ranahan Decl. Exs. B-C.) The same day, June 25, Smucker filed an *ex parte* application "to allow limited discovery regarding the reasonableness of plaintiffs' requested attorneys' fees and to revise the Court's related briefing schedule" (Dkt. No. 270). Its Notice characterized the emergency application as one seeking "leave to conduct limited discovery," despite that Smucker had already served its multiple discovery requests; had not provided plaintiff or her counsel sufficient (or virtually any) time to respond; and did not follow the procedure for discovery disputes set forth in Civil Local Rules 37-1 through 37-3.

On July 3, the Court denied Smucker's application and ordered plaintiff's counsel to aver that no hours billed to this case were also billed to another case for the same or substantially similar work, noting that if Smucker presented contrary evidence, the Court would revisit the propriety of its requested discovery. (Dkt. No. 274.) Counsel so averred, and Smucker never presented contrary evidence.

## III.   PLAINTIFF REORGANIZED HER COUNSEL'S TIME RECORDS AS ORDERED

Consistent with the Court's June 19, 2013 Fee Order, plaintiff's counsel carefully reorganized its time entries into 12 tasks and 14 additional subtasks. (*See* Pl's. Response to June 19, 2013 Order, filed under seal (July 3, 2013), Ex. A (summary table of hours billed by task and type of timekeeper)).[2]

## IV.   SMUCKER FILED 681 PAGES IN SUPPORT OF ITS "OBJECTIONS," MUCH OF WHICH WAS OUTSIDE THE SCOPE OF THE FEE ORDER

Although the Court's June 19, 2013 Fee Order permitted Smucker to "file any objections to the asserted hours," on July 17, 2013, Smucker made a 681-page filing that seemed to go beyond the Court's leave, for example arguing that plaintiff was not a successful party; that the Court should deny fees and costs altogether; challenging billing rates; contesting costs; and contesting the lodestar multiplier plaintiff proposed. (*See*,

---

[2] As part of that process, counsel deleted 27.4 hours it found to be duplicative or erroneous and included inadvertently in its initial calculation. (*See id.* at 1 n.1.)

1  *e.g.*, Dkt. No. 282 at 3, 10-11, 18-21 & 21 n.14.) When plaintiff sought a week extension
2  to meet the voluminous filing, Smucker refused (*see* Dkt. No. 285 at 1), but the Court
3  granted the requested extension (Dkt. No. 289).

## V. SMUCKER FILED A RECONSIDERATION MOTION THAT WAS "WITHOUT MERIT" AND "AN ABUSE OF LOCAL RULE 7-18"

6  Shortly after filing its objections, Smucker moved for reconsideration of the
7  Court's June 19, 2013 Fee Order pursuant to Local Civil Rule 7-18(c), asserting that it
8  could make a "manifest showing" of the Court's "failure to consider material facts
9  presented to the Court" (*see* Dkt. No. 297).

10  Prior to filing the motion, the parties met and conferred extensively. (*See
11  generally* Dkt. No. 297 at 4 n.1 (noting the parties "comprehensive and extensive meet
12  and confer discussions").) After Smucker circulated an outline of its proposed motion,
13  the parties first met and conferred in person following the August 14, 2013 deposition of
14  Lucina Caldera in the related action pending before this Court. During that conference,
15  plaintiff showed that Smucker's motion did not qualify for reconsideration under Local
16  Rule 7-18(c)'s standard of making a "manifest showing of [the Court's] failure to
17  consider material facts." Smucker's counsel effectively acknowledged that its
18  reconsideration motion was improper, but asserted that the Court would appreciate the
19  opportunity to "correct" itself. (Fitzgerald Decl. ¶¶ 2-3.)

20  Accordingly, on August 16, 2013, plaintiff's counsel wrote Smucker's counsel a
21  letter, pointing out that its motion outline "is almost entirely legal argument, much of it
22  repeated verbatim from its [fee motion] opposition and objections," and Smucker's
23  position that the Court "won't mind if [Smucker] [does not] meet the standard because
24  [it will] appreciate the opportunity to 'correct' [itself]" was "a plainly improper purpose
25  of a reconsideration motion" and "just bad faith." Counsel advised Smucker that
26  "[h]aving to meet" its "repeated, or new, belated, and waived legal arguments . . .
27  reflected in" Smucker's outline sent earlier, "will require a significant dedication of
28  resources and thus is unfair to us, our client, and the Court." Thus, plaintiff's counsel

implored, "[y]our outline may raise fair appeal issues. Let's bring them to the Ninth Circuit where they belong, and avoid wasting both the parties' and Court's time and energy." Finally, the letter attached plaintiff's response to Smucker's outline. (*Id.* ¶ 4 & Ex. B.) Smucker's counsel never responded to the letter, but filed the motion 10 days later. (*Id.* ¶¶ 5-6.)

Plaintiff opposed Smucker's motion on several grounds, including that its motion improperly repeated prior arguments; raised new arguments that were available when it opposed the fee motion; advocated for an extension of the law; and did not qualify for reconsideration under Local Rule 7-18(c). (*See* Dkt. No. 303 at 1-13.) And plaintiff demonstrated why Smucker's arguments were substantively wrong. (*See id.* at 13-24.)

On November 20, 2013, the Court denied Smucker's motion. (Dkt. No. 312.) It agreed with plaintiff that Smucker had "attempt[ed] to surreptitiously reframe" several legal arguments "as a failure to consider material facts" (*id.* at 3-6; *compare* Dkt. No. 303 at 4-6). The Court also agreed with plaintiff that Smucker's assertions the Court failed to consider material facts were without merit. (*Compare* Dkt. No. 312 at 6-7 *with* Dkt. No. 303 at 6-8.) And, as plaintiff argued, the Court found Smucker's contention that the Court had misapplied the burden of proof and improperly denied Smucker an evidentiary hearing, were both without merit and an insufficient basis for reconsideration. (*Compare* Dkt. No. 312 at 7-8 *with* Dkt. No. 303 at 19-20, 22-23.) Finally, the Court held, as plaintiff argued, that even if it considered the merits of Smucker's improper arguments, they should be rejected. (*See* Dkt. No. 312 at 4-6; *compare* Dkt. No. 303 at 13-19.)

Given that Smucker "[did] not set forth one material fact that [the Court] failed to consider" (Dkt. No. 312 at 3) attempted "to surreptitiously reframe [its] legal arguments as [such] a failure" (*id.* at 3-4), made arguments that were "procedurally improper" because they repeated Smucker arguments the Court had earlier rejected (*id.* at 4), and otherwise made arguments belied by the record and the Court's ruling (*see generally id.*

6

at 4-8), the Court held that the reconsideration motion, besides "without merit" also "betrays an abuse of Local Rule 7-18" (*id.* at 9).

## VI.   THE COURT AWARDED PLAINTIFF FEES

On February 28, 2014, the Court issued an Order awarding plaintiff $72,297.90 in attorneys' fees and $19,417.37 in costs. (Dkt. No. 314.) In doing so, the Court found plaintiff's requested rates "generally reasonable," and set a blended rate of $545 per partner hour, $375 per associate hour, and $150 per paralegal or law clerk hour. (*See id.* at 7-8.) However, it reduced the reasonable lodestar by about half of the requested amount, then applied a negative 0.9 multiplier. (*Id.* at 3; *see generally id.* at 3-7).

## <u>LEGAL STANDARD</u>

"An award of attorneys' fees incurred in a suit based on state substantive law is generally governed by state law." *Champion Produce, Inc. v. Ruby Robinson Co.*, 342 F.3d 1016, 1024 (9th Cir. 2003) (citation omitted)). "The task of a federal court in a diversity action is to approximate state law [regarding attorneys' fee awards] as closely as possible in order to make sure that the vindication of the state right is without discrimination because of the federal forum." *Farmers Ins. Exch. v. Sayas*, 250 F.3d 1234, 1236 (9th Cir. 2001) (quoting *Gee v. Tenneco, Inc.*, 615 F.2d 857, 861 (9th Cir. 1980)). Accordingly, "California substantive law determines the availability and amount of attorney's fees in this diversity case." *Winterrowd v. Am. Gen. Annuity Ins. Co.*, 556 F.3d 815, 829 (9th Cir. 2009) (citation omitted).

"In statutory fee cases, federal courts, including our own, have uniformly held that time spent in establishing the entitlement to and amount of the fee is compensable." *Camacho*, 523 F.3d at 981. Likewise, "California law requires that 'an attorney fee award should ordinarily include compensation for all the hours reasonably spent, including those relating solely to the fee.'" *Gonzalez*, 2014 U.S. App. LEXIS 3016, at *2 (quoting *Ketchum*, 24 Cal. 4th at 1133). A contrary rule would "permit a deep pocket losing party to dissipate the incentive provided" by prevailing plaintiff fee awards "through recalcitrance and automatic appeals," *Serrano*, 32 Cal. 3d at 634. The policies

7

served by statutory fee awards would be "frustrated, sometimes nullified, if awards are diluted or dissipated by lengthy, uncompensated proceedings to fix or defend a rightful fee claim." *Id.* at 632.

## **ARGUMENT**

## I.   COUNSEL'S LODESTAR FOR TASKS RELATING TO ESTABLISHING PLAINTIFF'S ENTITLEMENT TO AND THE AMOUNT OF FEES IS REASONABLE

California law grants attorneys for prevailing parties under the CLRA and Section 1021.5 compensation for time reasonably spent at all points in the litigation, and courts should avoid engaging in an "*ex post facto* determination of whether attorney hours were necessary to the relief obtained." *Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir. 1992). The issue "is not whether hindsight vindicates an attorney's time expenditures, but whether at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." *Id.*

Counsel's lodestar for the more than 13 months since filing the fee motion—using the rates already determined by the Court to be reasonable—includes 359.8 partner hours, 156.8 associate hours, and 472.6 paralegal hours. In accordance with the Court's prior order, these records have been organized into nine tasks, which are described in summary form in this motion, with the actual time entries filed concurrently as an attachment to the Declaration of Gregory S. Weston.

### A.   Time Spent Opposing Smucker's Reconsideration Motion

Counsel spent 77.4 partner hours, 77.3 associate hours, and 91.2 paralegal hours opposing Smucker's reconsideration motion. This included 4.4 attorney hours meeting and conferring with Smucker on the motion, with the bulk of the rest of the time dedicated to drafting plaintiff's opposition (Dkt. No. 304), including preparing peripheral papers. For example, counsel and its staff prepared a 4-page table identifying non-exclusively instances where Smucker's reconsideration motion repeated arguments it made in its prior opposition or objections. (*See* Dkt. No. 304-1.) The lodestar equals

$42,183 for partner hours, $28,987.50 for associate hours, and $13,680 for paralegal hours, or $84,850.50 total.

This time was reasonable, as responding was complex. Smucker asserted that "several independent avenues exist for reconsideration" (Dkt. No. 312 at 3 (quoting Smucker Mot. at 5).) In fact, the Court identified nine separate arguments Smucker asserted. (*Id.*) Moreover, Smucker's motion was dense, citing 57 cases and a variety of additional documents in support, requiring plaintiff's counsel to spend significant time researching and responding to the motion.

For example, Smucker claimed that § 1021.5's legislative history demonstrated that "*[t]he California Senate* stated that the statute's purpose was to provide fees . . . in 'a miniscule percentage of the cases that are now in the courts or are likely to be in the courts" (Dkt. No. 297 at 13 (emphasis added); *see also id.* at 14). To explore the validity of Smucker's assertion, counsel had to request then review the transcript of the 1975 legislative hearing that Smucker cited, to demonstrate that Smucker simply misrepresented the record. (*See* Dkt. No. 303 at 15.)

Notably, the Court relied on large portions of plaintiff's authority to deny the motion. (*Compare generally* Dkt. No. 312 *with* 303.) In light of counsel's thorough and successful work, the Court should find the time reasonable. For example, in *Ketchum v. Moses*, 24 Cal. 4th 1122 (2001)—decided 13 years ago—the Court of Appeal upheld a trial court's supplemental fee award of $112,160 opposing a similar motion for reconsideration of a fee award. *See id.* at 1129. Plaintiff here requests about 25% less, despite the higher reasonable rates today.

**B.      Time Spent Responding to Smucker's Objections**

In total, Counsel spent 149.6 partner hours, 32 associate hours, and 147.5 paralegal hours responding to Smucker's massive, 681-page objection. This included meeting and conferring on plaintiff's request for extra time, and her *ex parte* application for the same when Smucker refused, which the Court granted. In light of Smucker's voluminous filing—which even referenced 34 documents Smucker did not submit "[s]o

9

as not to burden the Court with an overly voluminous docket entry" (*see* Dkt. No. 282-1 at ¶¶ 9, 20-21)—counsel's lodestar was necessary and is reasonable, totaling $81,532 for partner hours, $12,000 for associate hours, and $22,125 paralegal hours, or $115,657.

### C.     Time Spent Reorganizing Counsel's Hours as Ordered

Although not even necessarily required,[3] because plaintiff knew the fee motion would be hotly contested, she submitted hundreds of pages of underlying time records to support her fee request. Since these were organized by timekeeper, in the manner in which they are maintained in counsel's ordinary course of business, the Court determined it could not easily determine the reasonableness of the fee request, and thus ordered plaintiff to reorganize the hours by task. (Dkt. No. 268 at 15.)

Counsel's time records initially submitted with plaintiff's fee motion consisted of 1,999 separate entries totaling 3,851.9 hours among 21 timekeepers. Reorganizing these hours as directed took substantial time, although almost all of it was delegated to counsel's paralegal staff. To perform the task, paralegals started with the seven tasks the Court identified, and created sub-tasks where appropriate, as the Court requested. Upon reviewing the hours, together in consultation with attorneys, the paralegals created several additional tasks. They then coded each time entry on a spreadsheet, occasionally seeking guidance from attorneys when it was unclear what category an entry fell into, then used Microsoft Excel to tabulate the time coded to each task and sub-task. In total, this required 101.5 paralegal hours and 17.9 partner hours (which also included things like drafting the papers that were actually submitted). Thus the total lodestar is $15,225 for paralegal time and $9,755.50 for partner time, or $24,980.50 total.

---

[3] *See Wershba v. Apple Computer, Inc.*, 91 Cal. App. 4th 224, 255 (2001) (California law "permits fee awards in the absence of detailed time sheets," since "[a]n experienced trial judge is in a position to assess the value of the professional services rendered in his or her court." (citations omitted)); *see also Margolin v. Regional Planning Comm'n*, 134 Cal. App. 3d 999, 1006-1007 (1982) (attorney declaration as to number of hours worked by firm members was sufficient); *Trustees of Cent. States v. Golden Nugget, Inc.*, 697 F. Supp. 1538, 1558-59 (C.D. Cal. 1988); *In re Rite Aid Corp. Sec. Litig.*, 396 F.3d 294, 306-307 (3d Cir. 2005).

---

This time was reasonable. It is also compensable, as the Ninth Circuit has held that it is "'fundamentally inequitable' to demand that counsel prepare and present extensive fee applications and yet simultaneously 'deny compensation for the efforts necessary to comply with those requirements.'" *North Sports, Inc. v. Knupper*, 509 F.3d 938, 943 (9th Cir. 2007) (quoting *In re Nucorp Energy*, 764 F.2d 655 (9th Cir. 1985)).

### D.   Time Spent Opposing Smucker's Discovery Requests

Smucker's multiple discovery requests were untimely and improper without leave of court. Smucker eventually withdrew its notice of Dr. Wong's deposition, and the Court denied its request to press its demand for the billing records of plaintiff's counsel in its several other pending actions, finding the requests an "undue invasion of counsel's work" in those other cases. (Dkt. No. 274 at 1.) Plaintiff's counsel spent 33.8 partner hours, 3.3 associate hours, and 9.9 paralegal hours defending against these unreasonable discovery demands, totaling $18,421 for partner hours, $1,237.50 for associate hours, and $1,485 for paralegal hours, or $21,143.50. As this work was entirely responsive to Smucker's litigation strategy and tactics—and was also successful—the Court should find it reasonable.

The bulk of this time was opposing Smucker's ex parte motion that, with exhibits, totaled 144 pages. (*See* Dkt. Nos. 270 to 271-3.) And while styled as a "motion for leave" to take discovery, it in fact was a motion to compel, seeking in the proposed order that "Plaintiff and Plaintiff's counsel shall produce documents responsive to Smucker's discovery requests and subpoenas."

In sum, Smucker served untimely and extraordinarily burdensome discovery entirely relating to plaintiff's counsel's work in other cases, and then, four days later, sought to compel responses, allowing no opportunity for objections, by *ex parte* motion, which the Court denied. (Dkt. No. 274.)

### E.   Time Spent on the Fee Reply

Because plaintiff's fee motion set forth her request, it did not, and could not have included the time spent on her Reply in support, namely 50.5 partner hours, 44.2

11

associate hours, and 99.1 paralegal hours, for a total lodestar of $27,522.50 for partner hours, $16,575 for associate hours, and $14,865 for paralegal hours, totaling $58,962.50. In light of the length and complexity of Smucker's opposition brief, the Court should find this time reasonable. Smucker's opposition brief was 25 pages long, contained citations to 47 cases, and was supported by a request for judicial notice and two declarations, which collectively contained 38 exhibits. (*See* Dkt. Nos. 241-47.)

The 94.9 attorney hours spent on this brief amounts to 3.79 hours per page. While this might be on the high side of reasonable, the Court should, respectfully, not find it unreasonable. *See In re Toys "R" Us-Del., Inc., FACTA Litig.*, 295 F.R.D. 438, 466 (C.D. Cal. 2014) (finding "just over 3 hours per page" for a class certification motion is reasonable even though "the case was not particularly complex") Here, at least, the issues were complex: the catalyst provision of 1021.5 is on its face complex, has additional prudential requirements not in the statute but developed by case law, and has multiple, discrete elements, some of which are intensely factual. Moreover, there have been very few decisions instituting *Graham*.

Moreover, while the Court did not reach the issue of fees under the CLRA's separate prevailing plaintiff provision, it was fully briefed, and the facts presented were entirely of first impression: rather than involve a payment to a plaintiff directly in settlement of claims, which certainly renders plaintiff prevailing under the CLRA, here Smucker paid $22,500 to plaintiff's *creditors* in settlement of her individual claims. *See also Guam Soc'y of Obstetricians & Gynecologists v. Ada*, 100 F.3d 691, 700 (9th Cir. 1996) (cautioning courts that work that might seem "easy, in hindsight" to not "fault[]" counsel "for their thoroughness under the circumstances" or deduct time for concluding in hindsight "plaintiffs need only have pled the legal theory that actually carried the day rather than the six additional theories pled").

### F.    Time Spent on this Fee-On-Fee Motion

As of the Friday before this filing, counsel spent 30.6 partner hours drafting this motion and meeting and conferring with Smucker, and 23.4 paralegal hours, primarily

12

preparing exhibits, the tables of contents, and grouping time records into task categories. The total requested lodestar for the supplemental motion and reply brief is therefore $20,786.50 for the motion.

Counsel estimates it spent another 7 partner hours and 5 paralegal hours completing this motion Sunday and today. To prepare a reply brief, counsel estimates it will spend 20 partner hours and 10 paralegal hours. Additionally, a new paralegal counsel hired last month spent approximately 15 hours assisting counsel in preparing this motion, but counsel does not seek any reimbursement for this time given his lack of familiarity with this case (Weston Decl. ¶ 2), in contrast to Mr. Newberry, who has worked on *Henderson* and *Caldera* for more than three years now and is very familiar with the facts and applicable federal and local rules, and has also assisted counsel in at least five other fee motions in false advertising cases in California federal courts. Given the Court's prior Order finding plaintiff's request excessive, counsel does not seek compensation for these 42 hours, but requests the Court consider this in determining the overall reasonableness of their request.

## II.   THE APPLICATION OF A MULTIPLIER ONLY TO WORK OPPOSING SMUCKER'S RECONSIDERATION MOTION IS APPROPRIATE

Although it is true that "in most cases, the enhancement for the fee litigation should be lower than the enhancement for the underlying litigation, if one is applied at all," because fee-on-fee litigation "is for the most part simpler than litigation on the merits," an enhancement is nevertheless appropriate "when a defendant's opposition to the fee motion creates extraordinary difficulties." *Graham v. Daimler Chrysler Corp.*, 34 Cal. 4th 553, 582-83 (2004) (citing *Edgerton v. State Personnel Bd.*, 83 Cal. App. 4th 1350, 1363 (2000)). This includes "excessively vexatious" or "unreasonable opposition," *id.* at 583 (quoting *Crommie v. Cal. Pub. Utils. Comm'n*, 840 F. Supp. 719, 726 (N.D. Cal. 1994), *aff'd sub nom*, *Mangold v. Cal. Pub. Utils. Comm'n*, 67 F.3d 1470 (9th Cir. 1995)).

As set forth above, Smucker's reconsideration motion was abusive, in bad faith, and unnecessarily taxed plaintiff's and the Court's resources. In addition, one of the reasons fee-on-fee litigation is generally "simpler," is because once entitlement to fees is established, there is "no contingent risk to the pursuit of attorney fees that would justify an enhancement," *see id.* at 581 (citing *Ketchum*, 24 Cal. 4th at 1141-42). After the Court's June 19, 2013 Fee Order, that was the case—plaintiff was entitled to fees, and only a reasonable amount remained to be determined. But Smucker upset that assurance, creating contingency risk, when it moved for reconsideration. The Court may award a multiplier for the risk and delay caused by the motion. *See In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 941-42 (9th Cir. 2011); *Parks v. Eastwood Ins. Servs., Inc.*, 240 Fed. Appx. 172, 175 (9th Cir. 2007) (Mem.); *Graham*, 34 Cal. 4th at 579 ("One of the most common fee enhancers . . . is for contingency risk."); *Ketchum*, 24 Cal. 4th at 1132-33 (explaining basis for enhancing fees for contingency risk).

The two cases *Graham* cites for the proposition that fee-on-fee litigation may be enhanced, *Edgerton* and *Crommie*, applied multipliers of 1.5 and 2.0, respectively, although this was to the entire fee award. Here plaintiff requests only a 1.1 multiplier to her counsel's $84,850.50 lodestar from this task, for a total award relating to this task of $93,335.55.

## III.   THE COURT SHOULD GRANT A FULLY COMPENSATORY FEE-ON-FEE AWARD BASED

Plaintiff and her counsel acknowledge that the Court's underlying fee order awarded her only 2.2% of her total fee request of $3.25 million (including her requested multiplier), and only 5% of her counsel's asserted lodestar of $1.45 million, finding that counsel's reasonable lodestar was actually $722,979, and applying a negative 0.90 multiplier "based on the limited success Plaintiff achieved" (Dkt. No. 314 at 9). Thus,

14

1  plaintiff's request here for $334,266.05[4] to obtain those fees is disproportionate.

2  Respectfully, this should not dissuade the Court from awarding a full fee.

3          Unlike plaintiff's limited success in the litigation that the Court held justified the

4  negative multiplier, plaintiff's *fee motion* was successful. She established her counsel's

5  entitlement to fees, her reasonable rates, and defended these findings against Smucker's

6  vigorous and multiple attacks. The law of California is "that fee awards should be fully

7  compensatory […] including those [hours] relating solely to the fee" *Ketchum*, 24 Cal.

8  4th at 1133. The Court should, respectfully, also keep in mind the guidance of our chief

9  Circuit Judge:

10         By and large, the court should defer to the winning lawyer's professional

11         judgment as to how much time he was required to spend on the case; after

12         all, he won, and might not have, had he been more of a slacker.

13  *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008).

14         The Court should also consider the importance of private enforcement of the

15  state's consumer protection and food safety laws. This case involves Smucker's use of

16  trans fat in a children's product for ten years, and continued use of it in Crisco. But:

17         The scientific rationale for eliminating exposure to artificial trans fatty acids in

18         foods is rock solid. There is no evidence that they provide any health benefit,

19         and they are certainly harmful. These compounds adversely affect both low-

20         and high-density lipoprotein cholesterol levels and increase the risk for

21         coronary heart disease, even at relatively low levels of dietary intake. Gram for

22         gram, trans fats are far more potent than saturated fats in increasing the risk for

23         heart disease, perhaps because they also have proinflammatory properties and

24         other adverse effects on vascular endothelium.[5]

25  ───────────────

26  [4]  Or $325,781 without the 1.1 multiplier on counsel's work relating to the reconsideration motion.

27  [5]  Julie Louise Gerberding, MD, MPH, "Safer Fats for Healthier Hearts: The Case for

28  Eliminating Dietary Artificial Trans Fat Intake," Ann. Intern. Med., 151:137-138, 2009

15

As set forth in plaintiff's summary judgment motion, Smucker was well aware of the evidence for trans fat's harm, indeed, when it purchased Crisco in 2002 from Proctor & Gamble, P&G extensively disclosed these dangers. Over the ensuing years, Smucker kept tabs on the dangers internally, and funded efforts to stop the FDA from regulating the additive. Worse still, during this time, it marketed these products using deceptive health claims, in violation of California and federal law, even as country after country banned the substance.

"A request for attorney's fees should not result in a second major litigation." Ideally . . . litigants will settle the amount of a fee." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Ignoring both of these admonitions, Smucker rebuffed every attempt of plaintiff's counsel to settle any aspect of this case, including this motion, and instead adopted the most aggressive litigation tactics plaintiff's counsel have ever encountered, even going as far as suing the Weston Firm for defamation. Smucker "cannot litigate tenaciously and then be heard to complain about the time necessarily spent by the plaintiff in response. The trial court lamented here that fee litigation should not be 'never-ending' yet as to section 1021.5 its length truly lies in defendants' hands." *Serrano*, 32 Cal. 3d at 638-639 (internal citations omitted).

## **CONCLUSION**

For the reasons described herein, the Court should, respectfully, grant this motion.

DATED: March 17, 2014                      Respectfully Submitted,

                                           /s/ Gregory S. Weston

                                           **THE WESTON FIRM**
                                           GREGORY S. WESTON
                                           JACK FITZGERALD
                                           MELANIE PERSINGER
                                           1405 Morena Blvd., Suite 201
                                           San Diego, CA 92110
                                           Telephone:   (619) 798-2006
                                           Facsimile:    (480) 247-4553

**LAW OFFICES OF RONALD
A. MARRON, APLC**
RONALD A. MARRON
SKYE RESENDES
ALEXIS M. WOOD
651 Arroyo Dr.
San Diego, CA 92103
Telephone:  (619) 696-9006
Facsimile:   (619) 564-6665

**<u>Counsel for Plaintiff</u>**

*Henderson v. The J.M. Smucker Company*, Case No. 2:10-CV-04524 GHK (VBKx)
MOTION FOR ATTORNEYS' FEES AND COSTS