*E-FILED*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-4524-GHK (VBKx) | Date | May 8, 2014 |
|---|---|---|---|
| Title | *Mary Henderson v. The J.M. Smucker Company* | | |

**Presiding: The Honorable**   **GEORGE H. KING, CHIEF U.S. DISTRICT JUDGE**

| Beatrice Herrera | N/A | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** **(In Chambers) Order re:** Plaintiff's Motion for a Supplemental Award of Attorneys' Fees and Costs (Dkt. 328)

This matter is before us on Plaintiff Mary Henderson's Motion for a Supplemental Award of Attorneys' Fees and Costs ("Motion"). We have reviewed the papers filed in support of and in opposition to this Motion, and deem this matter appropriate for resolution without oral argument. L.R. 7-15. As the Parties are familiar with the facts, we will repeat them only as necessary. Accordingly, we rule as follows:

**I.   Background**

On June 18, 2010, Plaintiff Mary Henderson ("Plaintiff") filed the above-captioned consumer class action against Defendant The J.M. Smucker Company alleging that Defendant violated California's Unfair Competition Law ("UCL"), False Advertising Law ("FAL"), and Consumer Legal Remedies Act ("CLRA") by making various health and wellness claims in marketing its Uncrustables and Crisco Shortening products. On October 23, 2012, we granted Defendant's motion to dismiss Plaintiff's individual claims because she lacked standing to assert them after she reopened her bankruptcy proceedings. (Dkt. 219.)

On January 7, 2013, Plaintiff filed a motion seeking $3,270,374 in fees and $35,138.65 in costs ("Fee Motion"). On June 19, 2013, we issued an order concluding that Plaintiff was entitled to fees under California's Private Attorney General Statute, Cal. Civ. Code § 1021.5, because her lawsuit was a "catalyst" to Defendant's removal of trans fat from Uncrustables. We did not make a determination as to the amount of fees and costs to which Plaintiff was entitled at that time because we could not determine whether the hours expended were reasonable. We ordered Plaintiff to file reorganized billing records. We also gave Defendant an opportunity to file objections, and Plaintiff an opportunity to reply to those objections.

On August 26, 2013, Defendant filed a motion for reconsideration of our June 19, 2013 Order. On November 20, 2013, we denied Defendant's motion for reconsideration noting that it "betray[ed] an abuse of Local Rule 7-18." (Dkt. 312.) On February 28, 2014, we issued an order awarding Plaintiff $72,297.90 in attorneys' fees (reducing Plaintiff's lodestar to $722,979.00 and applying a 0.9 negative

*E-FILED*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-4524-GHK (VBKx) | | Date | May 8, 2014 |
|---|---|---|---|---|
| Title | *Mary Henderson v. The J.M. Smucker Company* | | | |

multiplier) and $19,417.37 in costs.

On March 17, 2014, Plaintiff filed this Motion seeking a lodestar of $311,430[1] for 916.7 hours expended since Plaintiff filed her initial Fee Motion. This includes hours expended on the following tasks: (1) Reply in Support of Motion for Attorneys' Fees; (2) Responding to Court's Order to Resubmit Billing Records; (3) Response to Smucker's Objections to Fee Request; (4) Responding to Smucker's Discovery Requests; (5) Opposition to Smucker's Motion for Reconsideration; and (6) Preparation of "Fee-on-Fee" Motion. Defendant opposes Plaintiff's request as excessive and disproportionate to her success on the underlying Fee Motion.

**II.    Legal Standard**

We use the lodestar method to determine whether Plaintiff's requested fee amount is reasonable. *Ctr. for Biological Diversity v. Cnty. of San Bernardino*, 185 Cal. App. 4th 866, 895-96 (2010). We calculate the "lodestar" by multiplying the number of hours reasonably spent on the litigation by a reasonable hourly rate. *Id.* Then, we may adjust the lodestar upward or downward by a positive or negative multiplier based on reasonableness factors including: "(1) the novelty and difficulty of the questions involved, (2) the skill displayed in presenting them, (3) the extent to which the nature of the litigation precluded other employment by the attorneys, [and] (4) the contingent nature of the fee award." *Graciano v. Robinson Ford Sales, Inc.*, 144 Cal. App. 4th 140, 154 (2006) (quoting *Ketchum v. Moses*, 24 Cal. 4th 1122, 1132 (2001)).

We have discretion to reduce a fee award based on the plaintiff's "degree of success." *See Biological Diversity*, 185 Cal. App. 4th at 896. Such a reduction is appropriate "when a plaintiff has achieved limited success or has failed with respect to distinct and unrelated claims." *Hogar v. Cmty. Dev. Comm'n of Escondido*, 157 Cal. App. 4th 1358, 1359 (2007); *see also Chavez v. City of L.A.*, 47 Cal. 4th 970, 989 (2010) ("[U]nder state law . . . a reduced fee award is appropriate when a claimant achieves only limited success."). "The relative degree of success in litigating merits fees should bear upon the size of the fees-on-fees award." *Hirsch v. Compton Unified Sch. Dist.*, 2013 WL 189553, at *6 (C.D. Cal. May 3, 2013); *see also Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 163 n.10 (1990) ("Because *Hensley* . . . requires the district court to consider the relationship between the amount of the fee awarded and the results obtained, fees for fee litigation should be excluded to the same extent that the applicant ultimately fails to prevail in such litigation.").

//
//
//
**III.   Discussion**

---

[1] In her Motion, Plaintiff initially requested a lodestar of $325,781 based on 989.2 hours and a 1.1 multiplier for hours expended on Defendant's Motion for Reconsideration (totaling $334,266.05), but Plaintiff deleted a number of hours in her Reply.

*E-FILED*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-4524-GHK (VBKx) | Date | May 8, 2014 |
|---|---|---|---|
| Title | *Mary Henderson v. The J.M. Smucker Company* | | |

### A. Hourly Rate

In order to calculate the lodestar, we must determine the reasonable hourly rate for the services of Plaintiff's counsel. In making this determination, we look to the "prevailing market rate" in the community, taking into consideration "the experience, skill, and reputation of the attorney requesting fees." *Heritage Pac. Fin., LLC v. Monroy*, 215 Cal. App. 4th 972, 1009 (2013). "Affidavits of the plaintiffs' attorney . . . regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate." *Id.* The court may also "rely on its own knowledge and familiarity with the legal market in setting a reasonable hourly rate." *Id.*

Here, Plaintiff uses the "blended rates" we approved in our February 28, 2014 Order: (1) $545 for partners; $375 for associates; and $150 for paralegals. (Mot. 8.) Although Defendant does not object to Plaintiff's requested rates, the requested rates for partners and associates appear to be excessive. Our approval of the blended rate in our prior order was based on the hours expended by a different group of attorneys. For example, the partner rate took into consideration that "Gregory Weston and Jack Fitzgerald, whose requested hourly rate is $525, performed approximately 85% of 'partner work' and Ronald Marron, whose requested hourly rate is $650, performed approximately 15% of 'partner work.'" (Feb. 28 Order at 8.) In this Motion, Plaintiff only requests compensation for time billed by Gregory Weston and Jack Fitzgerald. Accordingly, the "partner rate" should only be $525. Similarly, in the prior Motion, Plaintiff requested compensation for time spent by a number of associates whose billing rates ranged from $300 to $500. Using an average of the proposed figures, we applied a blended rate of $375 per hour. In this Motion, however, Plaintiff only requests compensation for time billed by Melanie Persinger, an associate who passed the bar in 2011, and Paul Joseph, an associate who passed the bar in 2012. Melanie Persinger's hourly rate is $300. *See* Dkt. 230, Fitzgerald Decl.¶ 2. Paul Joseph did not previously work on this matter, so no billing rate is available for him. Given that he and Persinger have been practicing for a similar amount of time, we find that the same $300 hourly rate for Mr. Joseph is reasonable. Accordingly, we conclude that the reasonable hourly rates are as follows: (1) $525 for partners; (2) $300 for associates; and (3) $150 for paralegals.

### B. Hours Expended

#### 1. Reply in Support of Fee Motion

Plaintiff requests 193.8 hours (50.5 partner hours, 44.2 associate hours, and 99.1 paralegal hours) for time spent on her reply to the Fee Motion. Defendant argues that Plaintiff's request is excessive and is based on "rampant" duplication of work. (Opp'n 9.) Defendant asserts that the maximum reasonable lodestar for the Reply should be 38.8 hours. (*Id.*)

Plaintiff's request appears to be wholly unreasonable, particularly in light of the fact that we awarded just 60 hours for work on Plaintiff's Fee Motion. Plaintiff's Reply is only 25 pages and was accompanied by 18 exhibits. It appears that the excessive number of hours Plaintiff seeks is, in part,

*E-FILED*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-4524-GHK (VBKx) | Date | May 8, 2014 |
|---|---|---|---|
| Title | *Mary Henderson v. The J.M. Smucker Company* | | |

attributed to a substantial duplication of efforts. Six individuals billed for work on this Reply, including three attorneys and three paralegals. Persinger spent 42.6 hours researching and drafting the brief, Fitzgerald spent another 44.7 hours "working" on the brief, and Weston spent 5.8 hours on the reply (under vague, nondescript billing entries). (Dkt. 328-1, Ex. 1 at 3-5.) Similarly, the three paralegals who worked on the reply each billed for conducting legal research, "cite checking," making exhibits, and other various tasks. (*Id.* at 5-9.) Additionally, some of the tasks billed by paralegals appear to be administrative and non-compensable. For example, Jacob Sacks billed for "saved, filed documents, printed, made courtesy copies, made copies for filing under seal," "ran optical character recognition," and Dave Newberry billed for "preparing chambers copies," "preparing documents to be filed under seal," and "FedExing." (*Id.* at 7-8.) Having fully considered the work reasonably needed to prepare the Reply, we find that Plaintiff's counsel should have expended no more than 8 partner hours, 25 associate hours, and 25 paralegal hours in this category.

### 2. Responding to Court's Order to Resubmit Billing Records by Category

Plaintiff seeks 119.4 hours (17.9 partner hours and 101.5 paralegal hours) for responding to our order for reorganized billing records by task. Plaintiff argues that this task took "substantial time." Plaintiff asserts that "[t]o perform the task, paralegals started with the seven tasks the Court identified, and created sub-tasks where appropriate," "coded each time entry," and "used Microsoft Excel to tabulate the time coded to each task and sub-task." (Mot. 10.) Defendant argues that this request is "unreasonably excessive." (Opp'n 10.) Defendant asserts that we awarded 25 hours for such work for the initial Fee Motion, and that "Smucker should not be forced to pay the bill for Plaintiff's failure to present these records in an acceptable fashion the first time around." (*Id.* at 11.) Defendant argues that the maximum Plaintiff's counsel should be entitled to for this task is 17.5 hours.

Although this task was only necessary because of Plaintiff counsel's poorly organized billing records that were submitted in support of their initial Fee Motion, this task should not be entirely uncompensable as Defendant argues. This was taken into consideration in our underlying award, which awarded only 25 hours to paralegals for organizing the initial billing records, because they did not take the time to reorganize them by task. Moreover, it does not appear that 17.5 hours would be reasonable, given the extensive amount of time that is required to reorganize the billing records by task to comply with our prior Order. However, Plaintiff's 119.4-hour request is excessive.

First, it appears that the 17.9 hours expended by Weston and Fitzgerald on this task were unreasonable. Weston and Fitzgerald did not have to draft anything in support of the reorganized billing records, which is evident from their billing records. Their only tasks involved reading our prior order, explaining and delegating tasks to paralegals, and overseeing and reviewing the reorganization. Accordingly, we find that Plaintiff's counsel should have expended no more than 7 partner hours in this category. Second, three paralegals each billed approximately 30 hours (Newberry 36.8, Sacks 36.4, and Bradley 28.3) on the reorganization. Considering the billing records were not manually reorganized, but rather were coded and calculated by Microsoft Excel, this amount appears to be grossly excessive. Even given the volume of billing records in this case, it appears that it reasonably could have been

*E-FILED*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-4524-GHK (VBKx) | Date | May 8, 2014 |
|---|---|---|---|
| Title | *Mary Henderson v. The J.M. Smucker Company* | | |

accomplished in 40 hours (that would be one full week by one paralegal). Accordingly, we find that no more than 47 hours should have been expended in this category (7 partner hours and 40 paralegal hours).

### 3. Responding to Smucker's Discovery Requests

Plaintiff requests 38.2 hours (25 partner hours, 3.3 associate hours, and 9.9 paralegal hours) for time spent responding to Smucker's improper discovery requests. This request relates to time expended by Plaintiff in meeting and conferring regarding Defendant's untimely request to depose Dr. Wong, which Defendant subsequently withdrew;[2] and time expended by Plaintiff in reviewing and opposing Defendant's request for leave to conduct fee-related discovery, which we denied without prejudice (*See* Dkts. 270, 272, 274).[3] Defendant argues that the hours spent by Plaintiff's counsel on this task is excessive and unreasonable. We agree. Plaintiff's counsel seek 37.7 hours for time that was mostly billed in a 24- hour period.[4] Moreover, Plaintiff's Opposition was only 12.5 pages. Again, it appears that overbilling has resulted from duplication of efforts by Fitzgerald and Weston. Although it appears that Fitzgerald drafted the opposition (for which he billed 18.4 hours), Weston still billed 6.1 hours for work on the opposition. Additionally, Melanie Persinger billed 3.3 hours, and three paralegals billed 9.9 hours on tasks such as formatting, legal research, making courtesy copies, Fedexing, and cite-checking. (Dkt. 328, at 14-15.) We find that no more than 8 partner hours, 3 associate hours, and 3 paralegal hours should have been expended in this category.

### 4. Response to Smucker's Objections

Plaintiff seeks 329.1 hours (149.6 partner hours, 32 associate hours, and 147.5 paralegal hours) for her "Response to Smucker's Objections." The response is 25 pages, with two declarations, and nine exhibits. (Dkt. 292.) These hours were billed between July 18, 2013 and July 30, 2013. Plaintiff's counsel justify this request by asserting that Defendant's objection was a "massive, 681-page objection," and that time included "meeting and conferring on plaintiff's request for extra time, and her *ex parte* application for the same." (Mot. 9.) Defendant objects to this request as unreasonable. Defendant argues that "Plaintiff's counsel['s] attempt to justify this excess through the size of Smucker's objections is disingenuous . . . [because] Smucker did not submit any exhibit that Plaintiff's counsel did not [themselves] produce or had not already seen." (Opp'n 12.)

We find that Plaintiff's request is excessive. First, Plaintiff requests 181.6 attorney hours for time spent drafting and researching her 25-page response. Plaintiff seeks 39.6 hours for Weston and 110

---

[2] Plaintiff's counsel seek only 0.5 hours for time relating to this task. (Dkt. 328, at 13.)

[3] Instead, we ordered Plaintiff's counsel to file a declaration under penalty of perjury that no time sought to be compensated had also been billed on any other case. (Dkt. 274, at 1.)

[4] Defendant filed its ex parte application on June 25, 2013. (Dkt. 270; Opp'n 13.) Plaintiff filed her Opposition the next day. (Dkt. 272.)

*E-FILED*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-4524-GHK (VBKx) | Date | May 8, 2014 |
|---|---|---|---|
| Title | *Mary Henderson v. The J.M. Smucker Company* | | |

hours for Fitzgerald. The majority of Weston's and Fitzgerald's hours are for vague, nondescript entries such as "Reply to Objections" (8 entries totaling 35.8 hours by Weston); and "begin work on reply" and "continue working on objection reply" (13 entries totaling 109.2 hours by Fitzgerald). In addition, Plaintiff seeks 32 hours for Persinger for time spent researching and drafting the response. Second, Plaintiff requests 147.5 hours for time expended by three paralegals, mainly on drafting declarations, making charts, assembling exhibits, and assisting in research. We find that this request is grossly excessive, which again is due to over-staffing and duplication of work. Accordingly, taking into consideration that Fitzgerald appears to have done most of the drafting of the response, we find that Plaintiff's counsel should have expended no more than 25 partner hours, 20 associate hours, and 30 paralegal hours in this category.

### 5. Opposing Smucker's Motion for Reconsideration

Plaintiff requests 187.2 hours (77.4 partner hours, 77.3 associate hours, and 32.5 paralegal hours) for time spent opposing Defendant's motion for reconsideration. This includes 4.4 hours meeting and conferring with opposing counsel, and the "bulk" of the remaining time researching and drafting Plaintiff's opposition. (Mot. 8.) Plaintiff argues that this request is reasonable because Smucker asserted several different avenues for reconsideration, which made responding "complex." (Mot. 8-9.) Defendant argues that this request is "grossly excessive." (Opp'n 14.) Specifically, Defendant states that Plaintiff submitted an outline of her response to Smucker's proposed motion on August 16, 2013, which included Plaintiff's position and supporting case law, and for which Plaintiff's counsel spent 38.4 hours preparing. (Opp'n 15.) Defendant argues that "[a]fter spending nearly 40 hours preparing the outline, Plaintiff's attorneys allegedly spent an additional 81.3 hours preparing Plaintiff's Opposition." (*Id.*) Defendant also contends that Plaintiff's own arguments that Defendant's motion merely repeated Smucker's prior arguments "undermine the excess of time spent on the opposition." (*Id.*) In their Reply, Plaintiff's counsel argue that they "only partially followed its [sic] outline and thus additional research was required," and that their meet-and-confer outline "reflected just a fraction of the authority in plaintiff's brief." (Reply 8.)

We find that Plaintiff's request is excessive. First, Plaintiff seeks 154.7 attorney hours for this category. Based on the billing records, it appears Plaintiff's counsel spent an excessive amount of time researching and drafting the 25-page opposition. Second, Plaintiff seeks 32.5 hours for the work of one paralegal, a large part of which was also spent on legal research and editing the opposition. We find that no more than 25 partner hours, 20 associate hours, and 20 paralegal hours should have been expended in this category.

### 6. Fee-on-Fee Motion

Finally, Plaintiff seeks 49 hours (30.6 partner hours and 18 paralegal hours) for time spent on this Motion. Defendant argues that this request is excessive. (Opp'n 17.) We agree. Plaintiff's Motion is only 16 pages, almost half of which is devoted to the history of fee litigation in this case and background on the tasks covered in this Motion. Despite this, Weston claims to have spent 27.6 hours

*E-FILED*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-4524-GHK (VBKx) | Date | May 8, 2014 |
|---|---|---|---|
| Title | *Mary Henderson v. The J.M. Smucker Company* | | |

on meeting and conferring and drafting this motion, and Fitzgerald claims to have spent 3 hours on the nondescript entry "Fee Motion." (Dkt. 328, at 30.) Additionally, Plaintiff seeks 23.4 hours for the work of one paralegal, which was mostly spent reorganizing billing records. Accordingly, we find that Plaintiff's counsel should have expended no more than 8 partner hours and 15 paralegal hours on this Motion.

Based on the foregoing, we find that Plaintiff should be compensated for 81 partner hours, 68 associate hours, and 133 paralegal hours.

### C. Lodestar

Due to the adjustments described above, we find that the following table shows the reasonable attorneys' fees for this motion:

| Category | Partner Hours | Associate Hours | Paralegal Hours | Lodestar |
|---|---|---|---|---|
| Reply in Support of Fee Motion | 8 | 25 | 25 | $15,450 |
| Resubmitting Billing Records | 7 | 0 | 40 | $9,675 |
| Responding to Discovery Requests | 8 | 3 | 3 | $5,550 |
| Response to Smucker's Objections | 25 | 20 | 30 | $23,625 |
| Opposition to Reconsideration Motion | 25 | 20 | 20 | $22,125 |
| Fee-on-Fee Motion | 8 | 0 | 15 | $6,450 |
| **TOTAL:** | 81 | 68 | 133 | $82,875 |

### D. Multiplier

As explained above, we may also adjust the lodestar upward or downward based on various factors. *See Ctr. for Biological Diversity*, 185 Cal. App. 4th at 899. Acknowledging that we applied a negative multiplier in our prior Fee Order, Plaintiff's counsel request that we fully compensate them for this Motion because "plaintiff's fee motion was successful." (Mot. 15.) They also seek a 1.1 multiplier for work opposing Smucker's Motion for Reconsideration because it "creat[ed] contingency risk" by "upset[ting] th[e] assurance" that Plaintiff was entitled to fees. (Mot. 14.) Defendant contends that we

*E-FILED*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-4524-GHK (VBKx) | | Date | May 8, 2014 |
|---|---|---|---|---|
| Title | *Mary Henderson v. The J.M. Smucker Company* | | | |

should apply a negative multiplier to Plaintiff's entire request based on Plaintiff's limited success in this fee litigation. (Opp'n 23.) Defendant argues that we should only award 2.2% of Plaintiff's requested fees—the percentage of Plaintiff's initial fee request that we actually awarded her in our Fee Order. (Opp'n 8.)

We find that the same 0.9 negative multiplier that we applied to Plaintiff's fee request in our prior order is appropriate here, except as to the time Plaintiff's counsel spent opposing Defendant's Motion for Reconsideration. All of the other categories for which Plaintiff seeks fees are related to Plaintiff's fee request in the underlying Fee Motion, which we already determined was subject to a 0.9 negative multiplier because of Plaintiff's "limited success." A different result would not be appropriate for fees on these related tasks. This includes responding to Defendant's discovery requests because this dispute arose as a result of Plaintiff's excessive hours requested in her Fee Motion. The same negative multiplier is likewise appropriate for Plaintiff's "Fee-on-Fee" Request because, although we determined Plaintiff was entitled to fees, her fee request was not entirely successful as Plaintiff argues. Rather, we found that Plaintiff was only entitled to a small fraction of the fees she requested. *See Hirsch*, 2013 WL 189553, at *6 ("[T]he relative success in litigating merits fees should bear upon the size of the fees-on-fees award.").

A negative multiplier is not appropriate for Plaintiff's efforts opposing Defendant's Motion for Reconsideration, however, because Plaintiff was entirely successful in her opposition. Although a negative mutliplier is not warranted, neither is Plaintiff's request for a 1.1 positive multiplier. Plaintiff's only basis for applying a positive multiplier is the alleged "contingency risk" created by Defendant's motion. Even if Defendant's motion did cause some uncertainty as to Plaintiff's entitlement to fees, once we determined Plaintiff was entitled to fees, any contingency risk was substantially reduced. Moreover, based on consideration of the other fee enhancement factors, this limited risk is not sufficient to justify an enhancement. Moreover, Plaintiff's enhancement request also seems to be based on her contention that Smucker's motion was "abusive" and "in bad faith." (Mot. 14.) However, "disapproval of [Smucker's] litigation strategy" is not a proper consideration in awarding a positive mulitplier. *Ketchum*, 24 Cal. 4th at 1142 ("[A]n enhancement for contingent risk or quality of representation may not properly be imposed merely for the purpose of punishing [the plaintiff].").

**IV.   Conclusion**

Based on the foregoing, we find that Plaintiff is entitled to $28,200 in supplemental attorneys' fees.

**IT IS SO ORDERED.**

|  -  |  :  |  -  |
|---|---|---|
| | Initials of Deputy Clerk | Bea |

*E-FILED*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-4524-GHK (VBKx) | Date | May 8, 2014 |
|---|---|---|---|
| Title | *Mary Henderson v. The J.M. Smucker Company* | | |